# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ROBINSON | : | CIVIL ACTION NO. 3:CV-18-0462 |
| **Plaintiff** | : | |
| v. | : | (Judge Munley) |
| JOHN E. WETZEL, *et al*, | : | |
| **Defendants** | : | |

## MEMORANDUM

**I. Background**

Plaintiff, James Robinson, an inmate currently confined in the State Correctional Institution, Huntingdon, Pennsylvania ("SCI–Huntingdon"), filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The remaining Defendants are Kevin Kauffman and Ms. Sipple, both employees of SCI-Huntingdon.[1]

On December 26, 2018, remaining Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule Civil Procedure 12(b)(6), arguing that Plaintiff's action should be dismissed for Plaintiff's failure to properly

---

[1] By Order dated June 8, 2018, Defendant, John E. Wetzel, was dismissed. (Doc. 9).

exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 16).

On March 21, 2019, in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), (holding that the District Court shall provide the parties notice that it will consider exhaustion in its role as fact finder under *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013)), this Court issued an Order, converting Defendants' motion to dismiss to a motion for summary judgment and allowing the parties an opportunity to supplement the record with supporting evidence relevant to the exhaustion of administrative remedies. (Doc. 19).

On April 3, 2019, Defendants filed a statement of material facts in support of their motion for summary judgment. (Doc. 21). Although the Plaintiff has had more than ample time to file a brief in opposition to Defendants' motion, he has failed to oppose the motion. As such, the Court will grant Defendants' motion as unopposed.

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers*, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consolidated Rail Corporation*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties

seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); *see Celotex*, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U .S. at 323; *see Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

**III. Statement of Facts**

On November 3, 2017, following a hearing on Misconduct No. 073690C, for possession or use of dangerous or controlled substance, possession of contraband, and unauthorized use of the mail or telephone, Robinson pled guilty to unauthorized use of the mail or telephone, and was sanctioned to a loss of privileges, as well as a loss of good conduct time. (Doc. 18-3 at 2, Disciplinary Hearing Report). On November 3, 2017, Robinson appealed the decision of his Misconduct hearing to the Program Review Committee. (Doc. 18- at 2, Misconduct Hearing Appeal).

On November 15, 2017, the Program Review Committee denied Robinson's appeal and upheld the decision noting that the findings of fact were sufficient to support the decision and the punishment was proportionate to the offense. (Doc. 18-5 at 2, Decision).

A review of the DOC records indicates that Robinson did not appeal the Program Review Committee decision for Misconduct No. 073690C to the Facility Manager or Chief Hearing Examiner's Office. (Doc. 18-6 at 2, Declaration of Zachary Moslak, Chief Hearing Examiner for the Department of Corrections).

**IV. Discussion**

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). DC-ADM 801

addresses Inmate Discipline Procedures and section 5 of the same relates to inmates' appeals. (Doc. 18-1 at 2, DC-ADM 801). Pursuant to these procedures, an inmate, who has been found guilty of a misconduct charge(s) may file an appeal with the Program Review Committee ("PRC") for initial review within fifteen (15) calendar days of the hearing. *Id*. The procedures further indicate after the PRC gives its decision, an inmate may appeal to the Second Level – i.e., the Facility Manager within seven (7) calendar days. *Id*. at p. 5-3. Finally, the policy indicates that an inmate may make a Final Appeal to the Chief Hearing Examiner/designee within seven (7) calendar days of the receipt of the Facility Manager/designee decision. *Id*.

The record reveals that Plaintiff appealed the findings of the misconduct hearing to the Program Review Committee on November 3, 2017. On November 15, 2017, the PRC issued its decision upholding the hearing examiners' decision. As indicated by the DC-ADM 801 procedures above, Plaintiff had seven (7) calendar days from the receipt of the PRC decision to appeal to the Facility Manager. The record reveals, however, that Plaintiff failed to file an appeal to the Facility Manager, or to final review before the Chief Hearing Examiner. Plaintiff does not dispute this. Thus, it is evident from the record that Plaintiff failed to

follow the procedural requirements of grievance procedure and appeal the PRC's denial to the next level of review.

Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. *See Spruill v. Gillis*, 372 F.3d 218, 222-26 (3d Cir. 2004). Plaintiff's failure to pursue the appropriate administrative process with respect to his claims precludes the litigation of such claims.

In *Spruill, supra*, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." *Id*. at 231, 232.

In this case, the record clearly discloses that Robinson failed to exhaust his administrative remedies with respect to the claims raised herein. Thus, Robinson has sustained a procedural default with respect to his claims.

*Spruill* cited with approval the Seventh Circuit decision in *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). *Spruill*, 372 F.3d at 231. In *Pozo*, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025 (emphasis added). Robinson offers no evidence to justify his failure to comply with the exhaustion requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In *Spruill*, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In *Pusey v. Belanger*, No. Civ. 02-351, 2004 WL 2075472 at \*2-3 (D. Del. Sept. 14, 2004), the court applied *Spruill* to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In *Berry v. Kerik*, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal

9

of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in *Pozo*, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to enter judgment in favor of Defendants.

## V. Conclusion

Based upon the undisputed facts of record, Defendants are entitled to summary judgment for Plaintiff's failure to adequately exhaust administrative remedies with respect to the claims raised in the instant action.

An appropriate Order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**

1/16/20
Dated